JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW ROACH,<br><br>    Plaintiff,<br><br>v.<br><br>PURPLE INNOVATION, LLC,<br><br>    Defendant. | Case No. 2:25-cv-08140-SB-MBK<br><br>ORDER GRANTING MOTION TO REMAND [DKT. NO. 17] |

Plaintiff Andrew Roach is a model who alleges that Defendant Purple Innovation, LLC used his image and likeness from a June 2021 photoshoot on its website after its right to do so expired.  Plaintiff filed this action in state court on June 23, 2025, alleging two claims under California law:  (1) common-law misappropriation of likeness and (2) violation of Civil Code § 3344 (statutory misappropriation of likeness).  Defendant was served on June 30.  Nearly two months later, on August 28, Defendant removed the case, invoking federal-question jurisdiction and contending that Plaintiff's claims are preempted by the Copyright Act, 17 U.S.C. § 102, because they are based on the unauthorized use of a photograph.  Plaintiff moves to remand.  The Court finds this matter suitable for decision without oral argument and vacates the October 17 motion hearing.  Fed. R. Civ. P. 78; L.R. 7-15.   Because the removal was improper, the motion is granted, and the case is remanded.

## I.

Plaintiff argues that the case must be remanded both because the Court lacks subject-matter jurisdiction and because Defendant's removal was untimely.  The Court agrees.

1

A.

Federal courts are presumed to lack jurisdiction, and a removing defendant bears the burden of establishing that removal is proper. *Lake v. Ohana Mil. Communities, LLC*, 14 F.4th 993, 1000 (9th Cir. 2021). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removal in this case is rife with doubt.

1.

Defendant relies solely on federal-question jurisdiction as the basis for removal. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The existence of federal-question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Thus, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Id*. at 393. However, under the complete-preemption doctrine, the preemptive force of some federal statutes "is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Id*. (cleaned up).[1]

Defendant's theory is that Plaintiff's claims are preempted by the Copyright Act because the case involves a photograph of Plaintiff, which "falls squarely within the subject matter of copyright as defined by 17 U.S.C. § 103." Dkt. No. 1

---

[1] Defendant's notice of removal did not address whether preemption under the Copyright Act is complete. *See Levy Prod. Grp., LLC v. R&R Partners, Inc.*, 658 F. Supp. 3d 901, 907 (D. Nev. 2023) (noting that the Ninth Circuit and the Supreme Court have not addressed whether the complete-preemption doctrine applies to the Copyright Act). In its opposition, Defendant for the first time argues for complete preemption. It is unnecessary to decide whether a finding of preemption would establish federal jurisdiction, however, because Defendant has not shown that Plaintiff's claims are preempted.

2

at 3.  That statute provides copyright protection for "original works of authorship fixed in any tangible medium of expression."  17 U.S.C. § 103.  The Copyright Act preempts a state cause of action where (1) the content of the protected right falls within the subject matter of § 103 and (2) the right asserted under state law is equivalent to the exclusive rights contained in § 106 of the Copyright Act. *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).

### 2.

Plaintiff alleges that "[he] is a model whose likeness has been featured in print advertisements throughout the world."  Dkt. No. 1-1 ¶ 6.  He asserts two claims under California law based on the use of his likeness in a photograph to promote Defendant's products.  *Id.* ¶¶ 16, 23 ("Defendant[] used Plaintiff's image and likeness to promote, market, and advertise Purple's products without Plaintiff's authorization or consent.").  Plaintiff did not create the photograph and does not allege any copyright interest in it.

The Ninth Circuit held in *Downing* that claims for California statutory and common-law misappropriation of likeness brought by models whose photograph was used in the defendant's advertisements were not preempted by the Copyright Act, reasoning:  "[I]t is not the publication of the photograph itself, as a creative work of authorship, that is the basis for [the plaintiffs'] claims, but rather, it is the use of [their] likenesses and their names pictured in the published photograph." 265 F.3d at 1003–05.  Neither prong of the preemption test was therefore satisfied: (1) "[a] person's name or likeness is not a work of authorship" even when "embodied in a copyrightable photograph," and (2) because the subject of the plaintiffs' claims was "their names and likenesses, which are not copyrightable, the claims are not equivalent to the exclusive rights contained in § 106."  *Id.* at 1004–05; *accord Maloney v. T3Media, Inc.*, 853 F.3d 1004, 1011 (9th Cir. 2017) ("[W]e conclude that a publicity-right claim is not preempted when it targets non-consensual *use* of one's name or likeness on merchandise or in advertising.").

Defendant fails to plausibly distinguish *Downing* and cites no Ninth Circuit case finding that a plaintiff's name-and-likeness claim based on a photograph used to advertise a defendant's products is preempted by the Copyright Act. Defendant's reliance on *Laws v. Sony Music Entertainment, Inc.*, which found claims for use of the plaintiff's song recording preempted, is unavailing.  448 F.3d 1134 (9th Cir. 2006).  *Laws* distinguished *Downing* because it "involve[d] photographs used in advertising" that suggested endorsement of the defendant's products.  *Id.* at 1141; *see also Maloney*, 853 F.3d at 1014 ("*Laws* strongly implies

that misuse of an individual's likeness is the 'basis' of a publicity-right claim when
the name or image is exploited in advertising or on merchandise.").  Here, as in
*Downing*, Plaintiff alleges that Defendant used his likeness without authorization
in a product advertisement that suggests endorsement, and his claims rest on being
the subject of the photograph rather than its author.  *Cf. Laws*, 448 F.3d at 1140–42
(defendant used plaintiff's own recording of herself singing a song and "did not
use [her] image, name, or the voice recording in any promotional materials").

Defendant's challenge to the merits of the claims—arguing that Plaintiff's
identity is "not famous or well-known" and that "the 'brand representative' and
'reuses' and 'republications' allegations lack[] any factual basis"—is misplaced.
Dkt. No. 19 at 12, 23.  Plaintiff alleges that he "is a model whose likeness has been
featured in print advertisements throughout the world" and that his likeness "has
significant commercial value."  Dkt. No. 1-1 ¶ 6.  Even if Plaintiff's allegations are
false, as Defendant contends, that may defeat the action but does not transform it
into a copyright lawsuit.

*             *             *

In sum, Defendant has not adequately distinguished *Downing* or otherwise
met its burden of establishing that Plaintiff's state-law claims are preempted.
Particularly in light of the principle that any doubts must be resolved in favor of
remand, the case must therefore be remanded for lack of subject-matter
jurisdiction.

B.

Even if Defendant could establish preemption, its removal would still be
improper.  A defendant must file a notice of removal within 30 days of service of a
complaint that establishes federal jurisdiction on its face.  28 U.S.C. § 1446(b)(1).
Defendant's notice of removal asserted that the case is subject to the Copyright Act
because "[t]he alleged unauthorized use [of Plaintiff's image and likeness] is
embodied in a photograph."  Dkt. No. 1 at 3.  That basis was apparent on the face
of the complaint served in June, nearly two months before removal.

Defendant's suggestion that it first learned of the nature of the claims in
early August after necessary investigation is not credible.  The complaint bases its
claims on the use of "Plaintiff's image and likeness from the June 29, 2021
photoshoot."  Dkt. No. 1-1 ¶¶ 11, 20, 27.  While Defendant contends in its
opposition that it needed time to investigate, it does not identify any newly
discovered jurisdictional facts.  Indeed, Plaintiff produces evidence that Defendant

4

knew the subject of the claims months before the action was filed, as it removed the photograph at issue from its website in February 2025 in response to Plaintiff's prelitigation demand letter.  Dkt. Nos. 17-2, 17-4, 17-5.  Equally unavailing is Defendant's argument that removability became clear only after it determined that Plaintiff's allegations about the value of his likeness lacked merit.  While Plaintiff's inability to prove his allegations would defeat his misappropriation claims, it would not mean that he has asserted copyright claims.

Accordingly, even if Defendant were correct that the Copyright Act creates federal-question jurisdiction in this case, remand would be required because the removal was untimely.

II.

Plaintiff's motion to remand is granted, and this case is remanded to the Los Angeles County Superior Court.  The Court does not reach Defendant's pending motion to dismiss.  The Court declines to exercise its discretion to award attorney's fees under § 1447(c).

Date: September 29, 2025

_____
Stanley Blumenfeld, Jr.
United States District Judge

5